**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **JESSE LEE BROWN,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| **v.** | **:** | **Case No. 4:26-cv-289-CDL-ALS** |
| | **:** | |
| **SHERIFF GREG COUNTRYMAN,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| _____ | **:** | |

## <u>ORDER</u>

Presently pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 7).  Plaintiff has filed an interlocutory appeal (ECF No. 6) of the Court's Order directing Plaintiff to recast his Complaint on the Court's standard form (ECF No. 5).

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1]  If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*.  28 U.S.C. § 1915(a)(3).  "'[G]ood faith' . . . must be judged

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal.  Fed. R. App. P. 24(a).

by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*.; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Plaintiff's initial pleading requested "a writ of mandamus/and injunction order" that would require the Muscogee County Sheriff to provide balanced, nutritious meals at the jail. ECF No. 1 at 1. Plaintiff contends that the meals the sheriff is currently providing are not adequate to maintain health. *See id.* at 1-2. He further contends that "a writ of mandamus is the only remedy" that will require the sheriff to provide balanced meals. *Id.* at 3. He therefore suggests that the Court did not have the authority to direct Plaintiff to recast his Complaint on a § 1983 form because mandamus is the appropriate remedy. *See id.* at 2-3.

The United States Magistrate Judge correctly observed that the Court is generally unable to issue writs of mandamus compelling action by state officials in the performance of their duties. ECF No. 5 at 2-3; *see also Moye v. Clerk, DeKalb Cnty. Superior Court*,

474 F.2d 1275, 1276 (5th Cir. 1973).[2]  The Magistrate Judge therefore concluded that Plaintiff's claims more properly arose under 42 U.S.C. § 1983, advised Plaintiff that his requests for injunctive relief could be addressed in a § 1983 case, and ordered Plaintiff to recast his original Complaint on the Court's standard § 1983 form.  ECF No. 5 at 2-3.  The Magistrate Judge also terminated Plaintiff's second motion for mandamus and injunctive relief as moot because it was duplicative of the original Complaint and Plaintiff was being given the opportunity to submit a recast complaint that would include all claims he wished to bring in this action.  *Id.* at 3.

The Court presumes that Plaintiff filed his notice of interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1), which provides that the courts of appeals have jurisdiction from "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions[.]"  The Magistrate Judge, however, did not "refus[e]" Plaintiff's request for injunctive relief.  28 U.S.C. § 1292(a)(1).  Instead, the Magistrate Judge simply terminated Plaintiff's duplicate motion for such relief as moot.  Plaintiff's assertion that mandamus is the only appropriate remedy in this case is also incorrect.  Similar allegations are routinely the subject of § 1983 actions.  *See, e.g., Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (noting that because "[t]he Constitution requires that prisoners be provided reasonably adequate food," an inmate may state a constitutional claim if he is not provided with "sufficient nutritional value to

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

preserve health") (internal quotation marks and citation omitted)).  And, requiring the use of standard forms is a common practice that helps the district courts and the parties resolve *pro se* prisoner claims more thoroughly, accurately, and efficiently.  *Cf., e.g.,* 28 U.S.C. § 2254, Rule 2, advisory committee's note (describing the benefits of using a "prescribed form" to "both the court and the petitioner," including "[a]dministrative convenience," time savings, and clearer and more legible petitions).  Plaintiff is a frequent filer who has had more than three of his cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  It is therefore critical that he set out his claims clearly, concisely, and in appropriate detail so that the Court can determine whether he may proceed *in forma pauperis* and then screen his claims for potential merit.  *See* 28 U.S.C. § 1915(g); 28 U.S.C. § 1915A.

Plaintiff does not identify any other basis for the Eleventh Circuit to have jurisdiction over his interlocutory appeal, and the Magistrate Judge's order was otherwise proper. [3]  Accordingly, Plaintiff has raised no issues with arguable merit, and therefore the appeal is not brought in good faith.  Plaintiff's motion for leave to appeal *in forma pauperis* (ECF No. 7) is accordingly **DENIED**.

**SO ORDERED**, this 24th day of April, 2026.

S/ Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] Because the Magistrate Judge ruled on "a pretrial matter not dispositive of a party's claim or defense," Plaintiff could have objected to the order pursuant to Federal Rule of Civil Procedure 72(a).